[No. 16509.   Department Two.   July 27, 1921.]

JOHN A. SWEITZER, *Respondent*, v. INDUSTRIAL INSURANCE COMMISSION, *Appellant*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—AWARD FOR INJURIES—REVIEW. The refusal of the industrial insurance commission to re-open a case and make an increased award cannot be said to be arbitrary and capricious action on its part, where it had taken the injured workman's application into consideration, heard his evidence and that of medical examiners, and reached· an adverse conclusion; since "arbitrary and capricious" action within the purview of the statute means wilful and unreasonable action.

SAME (121-2)—CLASSIFICATION OF INJURIES—DEGREES—REVIEW. Where the industrial insurance commission properly classified a workman's injury as permanent partial disability, the amount of the award based upon a finding as to the degree of the injury is not subject to review by the courts in the absence of a showing that its action in that respect was arbitrary and capricious.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered April 27, 1920, upon findings in favor of the plaintiff, on an appeal from an award of the industrial insurance commission. Reversed.

*The Attorney General* and *John H. Dunbar, Assistant,* for appellant.

*John A. Hanson,* for respondent.

FULLERTON, J.—On August 10, 1918, the respondent Sweitzer, while engaged in an extra hazardous occu-

[1]Reported in 199 Pac. 724.

pation within the meaning of the workmen's compen-
sation act, fell from a scaffold and was injured. He
applied to the industrial insurance commission for
compensation, and that body found, after due investi-
gation, that he had suffered from the accident a tem-
porary total disability, and a permanent partial dis-
ability to his thumbs, and made him an award accord-
ingly. On January 4, 1920, the respondent filed with
the industrial insurance commission a written appli-
cation for the re-opening of his case and a further
award; setting forth therein the condition of his in-
juries and the effects therefrom in the following lan-
guage:

"That at the time, as aforesaid, and while your said
petitioner was so employed and engaged in his duties
as a workman and was then and there discharging his
duties, your said petitioner sustained an injury to his
head, to the thumb on his right hand and
the thumb on his left hand, and to his left
eye; that the injury sustained by said petitioner to
his head has caused a scar thereon about six inches
long and has permanently disfigured and permanently
disabled him; that said injury to his head is a con-
stant worry to your said petitioner for the reason that
said wound is not inclined to heal and foreign matters
continue to run therefrom which causes boils and irri-
table sores; that the injury to your said petitioner's
thumbs has caused them to become permanently stiff
so as to handicap your said petitioner to a large ex-
tent from following his usual occupation and the in-
jury to his left eye has to a partial degree destroyed his
eyesight in that the eye-lid was cut and that said eye-
lid now hangs down over the eye and partially covers
same."

The board denied the application, and the respond-
ent appealed from its order to the superior court. At
the hearing on the appeal the superior court made the
following finding of fact:

"That from the evidence of the said plaintiff on the hearing of said cause in said court and the evidence of Dr. Shorkley and Dr. Osterman, both qualified physicians, the court finds that the injury to said plaintiff's left hand had caused said hand to become useless to said plaintiff to such an extent that approximately seventy-five per cent of the use of said hand was lost to said plaintiff, and further that the medical examination made by the medical board of the industrial insurance commission upon the re-opening of said plaintiff's claim was made with reference to the permanent partial disability to plaintiff's left thumb and in making their findings the said medical board based their finding on the permanent partial disability of plaintiff's left thumb and not to the permanent partial disability to said plaintiff's entire left hand."

As conclusions of law, it held that the order of the board refusing to re-open the case was "arbitrary and capricious and not in accordance with the facts and the law and statutes in such case made and provided;" that the order was based on a permanent partial disability of the respondent's left thumb, which was a lesser disability than he had sustained; that the findings should have been based on a permanent partial disability to the respondent's entire left hand instead of restricting the findings of permanent partial disability to the left thumb. It was further concluded that the respondent was entitled to an award from the insurance fund "based on not less than seventy-five per cent of permanent partial disability to plaintiff's entire left hand." A judgment was entered directing the commission to re-open the case and to make the respondent an award based on an injury such as the court found to have been suffered. The commission appeals.

It is our conclusion that the judgment of the trial court must be reversed. There is no evidence in the record justifying its conclusion that the commissioners

in refusing to re-open the respondent's case acted either arbitrarily or capriciously. On the contrary, the evidence shows that they exercised the utmost good faith in their consideration of the case. They not only heard the respondent himself with respect to his ailments, but they caused him to be examined by their own medical examiners as well as by physicians not connected with the department, who are acknowledged experts on diseases and injuries of the character of which he complained, and based their action upon the results of these inquiries. The most that can be said of their action, even from the respondent's point of view, is that they erred in judgment. But this is not arbitrary or capricious action. These terms, when used in this connection, must mean wilful and unreasoning action, action without consideration and in disregard of the facts and circumstances of the case. Action is not arbitrary or capricious when exercised honestly and upon due consideration where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached.

We think the court erred also in finding that there had been an insufficient award. While it must be confessed that the statute defining the questions that may be reviewed on an appeal from the conclusions of the industrial insurance commission is somewhat indefinite, we have heretofore construed it to preclude a review of the amount of the award made by that body.

"The meaning of the act is that all questions going to the classification of an injured workman and his right to participate in the insurance fund are questions of fact and subject to review, upon appeal, by court or jury; but the amount of the award upon a proper classification is a matter resting in the broad discretion of the department, and will not be interfered with:" *Parker v. Industrial Insurance Dept.,* 102 Wash. 54, 172 Pac. 830.

Here, there is no question that the department properly classified the injury. The law provides for but three classifications, namely, temporary total disability, permanent total disability, and permanent partial disability, and the respondent's injury, in so far as it is brought into question in the proceeding, is of the latter class. Within the latter classification there are of course degrees, some of which entitle the injured workman to a higher award than do others, but the degree of injury within the classification affects only the amount of the award and since it is the exclusive province of the department to determine the amount, it is likewise their exclusive province to determine the degree of the injury. A case can arise of course where the degree of the injury may be inquired into. If, for illustration, a workman's arm should be severed between the elbow and the wrist and the department should diagnose it as an injury to the thumb, unquestionably the court would say that an erroneous conclusion had been reached. But it would so say because the conclusion was without due consideration of the facts; in other words, that it was arbitrary and capricious. Where, however, as here, there is room for an honest difference of opinion, and the department, after due investigation, determines the injury to be of a certain degree within its proper classification, the courts have no warrant to interfere with their findings.

The judgment is reversed, with instructions to enter a judgment to the effect that the respondent take nothing by his appeal.

PARKER, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.