[No. 37573. Department One. April 22, 1965.]

CARL H. ENGELMOHR, *Appellant*, v. HAROLD BACHE *et al., Respondents.**

*Miracle, Treadwell & Pruzan*, for appellant.

*Holman, Marion, Black, Perkins & Coie, William M. Holman*, and *Theodore J. Collins*, for respondents.

HUNTER, J.—This is an appeal from a summary judgment in favor of the defendants in a slander action in which the plaintiff (appellant), Carl H. Engelmohr, seeks recovery of

*Reported in 401 P.2d 346.

$500,000 damages from the defendants (respondents), Harold Bache, individually, and as a co-partner in the brokerage firm of Bache & Co., Girton Viereck, manager of the firm's Seattle office, and others.

Engelmohr, former assistant manager under Viereck, contends that the defendants slandered him May 11, 1962 during a hearing in Washington, D. C. conducted by the "Special Study of Securities Markets," hereafter designated the "Study Group."

The Study Group had been appointed by the Securities and Exchange Commission, pursuant to Public Law 87-196, which directed the S.E.C. to make a "study and investigation" of the rules governing national securities exchanges and associations, for the purpose of determining whether such rules adequately protected investors, and to report back to Congress on or before January 3, 1963, with its results and recommendations for legislation.

The trial court granted the defendants' motion for summary judgment on the ground that the statements made before the Study Group were absolutely privileged, and that the defendants, therefore, were entitled to judgment as a matter of law. This appeal followed.

The sole issue raised by the plaintiff's assignment of error is whether the trial court erred in its determination that such privilege was absolute. It is the plaintiff's contention that the Study Group was an administrative body, that the hearing in which the defendants testified was an administrative proceeding which was not quasi-judicial in nature, and that defendants, therefore, were afforded, at most, a qualified privilege wherein false statements were immune from a defamation action only if made in good faith and without malice.

It is the well-established, general law that the absolute privilege applies in three general areas: (1) judicial proceedings, (2) legislative proceedings, and (3) acts of important government executives. It is here that protection of the individual's interest in his reputation must yield to the public good, to permit the free function of the processes of government. Absolute privilege is defined, together

with a statement of the doctrine, its purpose and application, in 33 Am. Jur. *Libel and Slander* § 125, as supplemented:

> An absolutely privileged communication is one in respect of which, by reason of the occasion on which, or the matter in reference to which, it is made, no remedy can be had in a civil action, however hard it may bear upon a person who claims to be injured thereby, and even though it may have been made maliciously.

> The doctrine of absolute privilege is based upon the principle of good public policy, in that the interests and necessities of society require that on certain occasions utterances or publications of individuals, even though they are both false and maliciously made, shall protect the defamer from all liability to prosecution. . . .

> The class of absolutely privileged communications is narrow and is practically limited to legislative and judicial proceedings and other acts of state, including, it is said, communications made in the discharge of a duty under express authority of law, by or to heads of executive departments of the state, and matters involving military affairs.

Also see Restatement, Torts, pp. 585-590.

█ The law is equally clear that the absolute privilege will be extended to administrative proceedings conducted in a manner with safeguards similar to a judicial proceeding. The general attitude of the courts in this regard is well stated in the New Jersey case of *Rainier's Dairies v. Raritan Valley Farms*, 19 N.J. 552, 562, 117 A2d 889, 894 (1955):

> But where, as here, the administrative proceeding was actually conducted in manner and with safeguards similar to a judicial proceeding and dealt with issues of significant public concern there would, under this or any other plausible view, be no basis for refusing to invoke the doctrine of absolute privilege or immunity to the same extent that it would be applicable in court proceedings.

The policy of limiting the extensions of absolute privilege to fields where no safeguards are available to prevent an abuse of its use is supported by virtually all courts and text authorities. The Supreme Court of Iowa adopted similar

106

language in *Mills v. Denny,* 245 Iowa 584, 588, 63 N.W.2d 222, 40 A.L.R.2d 933 (1954), when it said:

Extension to fields where no such safeguards or remedies are found has been uniformly refused by the courts and justly so, for absolute immunity in defamation matters presents a conflict between two American principles equally regarded in the law, i. e., the right of an individual on one hand to enjoy his reputation unimpaired by defamation attacks, and on the other hand the necessity in the public interest of a free and full disclosure of facts in the conduct of the Legislative, Executive and Judicial Departments of Government. 9 Columbia Law Review 463, 471.

See *Andrews v. Gardiner,* 224 N.Y. 440, 121 N.E., 341, 2 A.L.R. 1371 (1918); 33 Am. Jur. *Libel and Slander* § 125, as supplemented; *Timmis v. Bennett,* 352 Mich. 355, 89 N.W.2d 748 (1958).

The established policy throughout the country, which we consider sound, is that the absolute privilege will not be extended to a non-quasi-judicial administrative proceeding. It is stated in 45 A.L.R.2d 1296, 1298 that:

The only broad general principle deducible from the cases is that the privilege attending communications made in the course of a judicial proceeding will be extended to protect communications in an administrative proceeding *only where the administrative officer or agency, in the proceeding in question, is exercising a judicial or quasi-judicial function.* (Italics ours.)

Restatement, Torts § 598 comment c, states:

Testimony offered before investigating committees, commissions, and other bodies properly authorized to conduct such investigations is conditionally privileged *unless the investigation is a judicial proceeding, in which case the testimony is absolutely privileged.* (Italics ours.)

53 C.J.S. *Libel and Slander* § 104 (b) recites the rule as to extending any absolute immunity to a non-quasi-judicial tribunal as follows:

*The rule does not apply, however, to a tribunal which is not judicial or quasi-judicial in its character or nature,* nor to proceedings which, although official and public, are not in substance judicial. (Italics ours.)

See also 5 Vill. L. Rev. 121, 128.

With the exception of one isolated case cited by the defendants, *Louden v. Mohawk Airlines, Inc.*, an unreported New York Supreme Court opinion filed December 22, 1964, we find no authority for the extension of the absolute privilege to a non-quasi-judicial administrative proceeding. The court in the *Louden* case appears to have allowed such an extension on the ground that the administrative body functioned in a quasi-legislative capacity, deriving its authority from Congress.

We do not wish to depart from the established policy in this country that the absolute privilege will not be extended to non-quasi-judicial administrative proceedings.

It appears clear from the record that the Study Group was (1) an administrative body, and (2) that at the time the alleged defamatory statements were made before the Study Group, its hearing or investigation was not conducted in a manner essential to constitute a quasi-judicial administrative proceeding. We, therefore, hold that the defendants did not have the benefit of the absolute privilege when appearing before the Study Group, and that the trial court erred in holding to the contrary.

The summary judgment in favor of the defendants is reversed, and the cause is remanded for further proceedings.

Costs on this appeal will abide final disposition of the cause.

ROSELLINI, C. J., WEAVER and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.

---

June 21, 1965. Petition for rehearing denied.