SAMMY HURST, *Appellant,* v. JESS FARMER,
ET AL, *Respondents.*

*Sammy Hurst,* pro se.

*Bogle & Gates, Peter M. Anderson,* and *Ellen S. Alexander,* for respondents.

WILLIAMS, J.—Sammy Hurst brought this action against Jess Farmer, Ron Altier, Cathleen Johnson, Nadean Priestly and Kendra Brown, alleging (1) that they conspired to prevent Hurst's continued employment with Earle M. Jorgensen Company by creating false documents regarding his misconduct; (2) that Farmer and Altier deprived him of due process of law by failing to ascertain

that his termination of employment was for a valid reason; and (3) that Altier's conduct was "outrageous, slanderous, willful, knowing, malicious and fraudulent and intentionally harmful" to Hurst. The trial court granted defendants' motion for summary judgment on the grounds that (1) the allegedly false documents were absolutely privileged and those documents were not created as a result of a conspiracy; (2) Hurst failed to state a due process claim against Farmer and Altier, who are private individuals; and (3) Altier's conduct was not "outrageous, slanderous, willful, knowing, malicious, fraudulent or intentionally harmful." Hurst appeals.

On December 2, 1980, Hurst was hired by Jorgensen Company on a 90–day probationary basis. On February 12, 1981, a shop steward reported to Altier, manager of industrial relations, that Hurst was sexually harassing female co–workers. Altier and Farmer, Jorgensen Company's general superintendent, investigated this charge, concluded that it was true and, on February 13, 1981, fired Hurst.

In April 1981, Hurst filed a charge against Jorgensen Company with the Equal Employment Opportunity Commission, alleging that he had been terminated because of his race. At the Commission's request, Jorgensen Company provided statements from Johnson, Priestly, and Brown, the alleged victims of Hurst's sexual harassment. The Commission gave edited copies of these statements to Hurst. On December 18, 1981, the Commission found that there was no cause to believe discrimination had occurred.

The issue is whether the defendants were entitled to summary judgment of dismissal. In his deposition, Hurst stated that the "false documents" defendants conspired to create were the statements Jorgensen Company provided to the Commission. Statements made during the course of and relevant to the proceedings of an administrative agency acting in a quasi–judicial manner are absolutely privileged. *Engelmohr v. Bache,* 66 Wn.2d 103, 104–05, 401 P.2d 346, *cert. dismissed,* 382 U.S. 950 (1965). The statements of Johnson, Priestly and Brown which were provided to the

Commission are absolutely privileged and cannot support a defamation action. *See Medina v. Spotnail, Inc.,* 591 F. Supp. 190, 196 (N.D. Ill. 1984); *Thomas v. Petrulis,* 125 Ill. App. 3d 415, 465 N.E.2d 1059, 1061–64 (1984).

■ Termination of Hurst's employment by Farmer and Altier did not involve any government action. Private action is immune from the restrictions of the Fourteenth Amendment. *Lehmann v. Board of Trustees of Whitman College,* 89 Wn.2d 874, 879, 576 P.2d 397 (1978). Farmer and Altier did not violate Hurst's due process rights.

■ In his deposition, Hurst stated that Altier's "outrageous" conduct consisted of telling Hurst that he was being discharged for sexually harassing female co–workers. The elements of the tort of outrage are: (1) emotional distress intentionally or recklessly inflicted; (2) outrageous or extreme conduct by the defendant; and (3) severe emotional distress resulting from such conduct. *Grimsby v. Samson,* 85 Wn.2d 52, 59, 530 P.2d 291, 77 A.L.R.3d 436 (1975). Altier's conduct, as a matter of law, was not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Italics omitted.) *Grimsby,* at 59 (quoting Restatement (Second) of Torts § 46, comment *d,* at 73 (1965)). It should be noted that the employer was required by the Equal Employment Opportunity Act to investigate the complaints against Hurst and the action taken was well within the spirit of that act.

Summary judgment of dismissal was properly granted as to all three of Hurst's causes of action.

Affirmed.

GROSSE and WEBSTER, JJ., concur.

Review denied by Supreme Court May 24, 1985.