[No. 14117-9-III.    Division Three.    December 20, 1994.]

DENNIS PATTERSON, *Appellant*, v. THE
SUPERINTENDENT OF PUBLIC INSTRUCTION, *Respondent*.

*Dennis Patterson*, pro se.

*Christine O. Gregoire, Attorney General*, and *Maureen E. McGuire, Assistant*, for respondent.

THOMPSON, C.J. — This appeal arises out of administrative and superior court proceedings which resulted in the temporary suspension of the teaching certificate of Dennis Patterson and the summary judgment dismissal of Mr. Patterson's defamation claim against the Superintendent of Public Instruction. Mr. Patterson contends the suspension of his certificate was not justified by his actions and a false public record was created during the administrative process. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Mr. Patterson obtained a certificate to teach elementary school in Washington. From September 1989 to March 1990, he taught part-time in the West Valley School District. During this period, he received two negative evaluations and resigned his position.

In May 1990, Mr. Patterson began the process of applying for and renewing applications for other teaching positions, including renewal of his application with Spokane's School District 81. He informed District 81 that he taught at West Valley. The application form authorized the District to obtain confidential references from previous employers. In May 1990, Mr. Patterson also asked West Valley to send him a copy of his recommendation.

In July, Mr. Patterson submitted an application to East Valley School District, but did not mention his employment at West Valley. He explained later that he omitted West Valley because his application would not have been considered without its recommendation and because at the time he applied, West Valley had not responded to his request for a copy of his recommendation.

District 81 received an evaluation of Mr. Patterson from West Valley in July. He was placed in the lowest 10 percent concerning instructional skills and classroom management,

in the lower 50 percent (but not lower 10 percent) in discipline, clarity of expression, flexibility and modeling appropriate behavior, in the upper 50 percent (but not upper 25 percent) in commitment and student relations, and in the upper 25 percent (but not upper 10 percent) in enthusiasm.

On August 3, 1990, District 81 notified Mr. Patterson he would not be considered for the District's employment pool. In response, he met with the District's superintendent and asked to inspect his application file. His request was denied. An appointment with the assistant superintendent for personnel services was scheduled for August 23. However, following the meeting with the superintendent, Mr. Patterson went to the personnel office and told a clerk he wanted to verify that his file was up to date and check for the West Valley reference. An employee retrieved the file and confirmed the presence of the reference. While the clerk was distracted, Mr. Patterson took the file and left the premises.

When Mr. Patterson met with District 81's assistant superintendent for personnel services on August 23, he was told to return the file. He did so. However, the West Valley reference form had been removed. In September, the District filed a complaint against Mr. Patterson with the Office of Professional Practices (OPP) of the office of Superintendent of Public Instruction (SPI).

East Valley hired Mr. Patterson as a substitute for an overload classroom. However, when the assistant superintendent learned he had taught at West Valley but did not include it in his application, Mr. Patterson was dismissed. In February 1991, East Valley filed a complaint against Mr. Patterson with the OPP.

The OPP investigated both complaints and found that Mr. Patterson's actions constituted unprofessional conduct. OPP concluded he lacked the good moral character and personal fitness required to serve as a certificated employee in Washington schools. WAC 180-75-081.[1] A proposed order to sus-

---

[1]WAC 180-75-081in pertinent part states:

"As used in this chapter, the terms 'good moral character and personal fitness' means character and personal fitness necessary to serve as a certificated employee

pend Mr. Patterson's certificate for 18 months was issued. Mr. Patterson appealed.

The informal review officer for the SPI also concluded that Mr. Patterson lacked the good moral character and personal fitness required byWAC 180-75-081 . A proposed final order suspending his certificate for 6 months was issued. Mr. Patterson appealed.

A full evidentiary hearing took place on January 13, 1992, before an administrative law judge (ALJ). The ALJ found Mr. Patterson (1) willfully omitted his previous employment with West Valley and (2) took into his possession and control the property of Spokane School District 81. The ALJ concluded Mr. Patterson's good moral character was sufficiently called into question, particularly with regard to his character and personal fitness to teach. A 6-month suspension of his certificate was ordered. Mr. Patterson appealed to the State Board of Education (Board). WAC 180-86-155.

Prior to the Board's review and entry of a final order, Mr. Patterson commenced a lawsuit against the SPI in Spokane County Superior Court. He alleged violations of the Administrative Procedure Act (APA), erroneous interpretation of the law, and arbitrary and capricious action beyond SPI's scope of authority. He also alleged the suspension of his certificate was not supported by the evidence and SPI's actions to suspend his teaching certificate constituted malice, libel, defamation of character and effectively destroyed his professional career. He requested an order declaring SPI's actions void and "equitable damages, costs and fees".

The Board entered its final order on July 24, 1992. It adopted the ALJ's findings of fact. It concluded, however, that Mr. Patterson's personal fitness had been called into question, rather than his good moral character. The 6-month suspension was affirmed.

SPI moved for partial summary judgment as to Mr. Patterson's superior court claim for damages, contending Mr. Patterson had not adequately answered discovery concern-

in schools in the state of Washington, including character and personal fitness to have contact with, to teach, and to perform supervision of children."

ing his alleged incidents of defamation and the statements made by SPI employees were privileged. The Superior Court granted the motion on the grounds Mr. Patterson had not made an adequate factual response to SPI's motion and, to the extent his brief and attachments contained statements alleged to be defamatory, they were privileged because they were made in connection with the official duties of the SPI concerning the investigation and processing of an administrative inquiry or in connection with administrative proceedings. Mr. Patterson's motion to reconsider was denied.

Mr. Patterson's remaining superior court allegations were treated as an appeal of the suspension of his teaching certificate and a hearing took place on March 19, 1993. The final order of the Board was affirmed.

Mr. Patterson sought direct review of the superior court decisions with the Supreme Court. Direct review was denied. The matter was transferred to this court.

### DEFAMATION CLAIM

Mr. Patterson contends the trial court erred in dismissing his damage claim because it arose from due process violations and the willful creation of a false public record and because there were disputed facts. He contends SPI does not "enjoy a privilege or have a duty to create a misleading false public record".

■ Nature of Claim. Mr. Patterson's pro se complaint alleged the actions of SPI constituted "malice, libel, [and] defamation of character". The trial court liberally interpreted his allegation as stating a defamation cause of action. As to Mr. Patterson's claim that damages arose out of due process violations, his complaint does not state a cause of action for damages based on due process violations, nor were facts submitted or legal authorities cited to support such claim during summary judgment proceedings. A litigant appearing pro se is bound by the same rules of procedure and substantive law as his or her attorney would have been had the litigant chosen to be represented by counsel. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Pleadings Properly Considered. Mr. Patterson objects to the trial court's consideration of pleadings filed by an assistant attorney general who filed a notice of association in the case. Although Mr. Patterson objected to his association, he fails to show how he was prejudiced, especially when he did not serve his response to those pleadings on associated counsel. In addition, Mr. Patterson cites no authority to support his contention that the pleadings should have been stricken.

■ Standard of Review. In reviewing a grant of summary judgment, an appellate court engages in the same inquiry as the trial court. *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 65, 837 P.2d 618 (1992). A summary judgment is appropriate only if, after viewing all facts in a light most favorable to the nonmoving party, the court concludes there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. CR 56; *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

■ Prima Facie Case. When the defendant in a defamation action moves for summary judgment, the plaintiff must establish a prima facie case or a judgment in favor of the defendant will be granted. The elements of a prima facie case of defamation are falsity, an unprivileged communication, fault, and damages. *LaMon v. Butler*, 112 Wn.2d 193, 197, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

■ Summary Dismissal Appropriate. Mr. Patterson failed to establish a prima facie case of defamation. First, he produced no specific, material facts as to the falsity of any communication. Conclusory statements as to falsity are insufficient to create an issue of fact for the jury. *LaMon*, at 197.

■ Second, Mr. Patterson raised no genuine issue of fact as to the privileged nature of the communications at issue. They were privileged as a matter of law. SPI has the statutory authority to suspend teaching certificates. RCW 28A.410.090(1). It also has the authority to administer rules for teacher certification. RCW 28A.410.010. Grounds for suspension of a certificate include "unprofessional or other conduct which evidences lack of good moral character or per-

sonal fitness . . .". WAC 180-86-070(2). Pursuant to WAC 180--87-050(1), unprofessional conduct includes deliberate omissions from employment applications. SPI's suspension of Mr. Patterson's certificate was within the scope of its official authority. The communications at issue were privileged because they were made during the course of and were pertinent and material to the administrative proceedings. *See, e.g., Gold Seal Chinchillas, Inc. v. State*, 69 Wn.2d 828, 830, 420 P.2d 698 (1966); *Engelmohr v. Bache & Co.*, 66 Wn.2d 103, 105-06, 401 P.2d 346, *cert. dismissed*, 382 U.S. 950 (1965); *Hurst v. Farmer*, 40 Wn. App. 116, 117, 697 P.2d 280, *review denied*, 103 Wn.2d 1038 (1985). *Barr v. Matteo*, 360 U.S. 564, 3 L. Ed. 2d 1434, 79 S. Ct. 1335 (1959), cited by Mr. Patterson in oral argument, does not require a contrary determination.

Since Mr. Patterson failed to establish the elements of a prima facie case of defamation, summary judgment of dismissal was appropriate.

### Suspension of Teaching Certificate

Mr. Patterson contends the trial court and SPI acted arbitrarily and capriciously and in willful disregard of the facts when suspending his teaching certificate. *State ex rel. Cosmopolis Consol. Sch. Dist. 99 v. Bruno*, 61 Wn.2d 461, 467, 378 P.2d 691 (1963). According to Mr. Patterson, there is no rational connection between the facts and evidence of the present case and the action taken by SPI or the trial court. He also sets forth a number of arguments without a separate assignment of error (SPI exceeded its statutory authority, his suspension was overly punitive, his due process rights were violated).

■ Standard of Review. Judicial review of an SPI decision is conducted under the provisions of the APA. RCW 34.05.570(3); WAC 392101005. The standards of the APA are applied directly to the record before the agency. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). Relief is granted if (1) the agency's decision is not supported by substantial evidence; (2) the agency erroneously interpreted or applied the law; (3) the order is arbi-

trary or capricious; or (4) for other reasons not pertinent to this appeal. RCW 34.05.570(3)(d), (e), (i).

■ Substantial Evidence. The ALJ's findings were adopted by the Board. Mr. Patterson has not assigned error to any of those findings. RAP 10.3(g). Unchallenged administrative findings are verities on review. *Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 728, 818 P.2d 1062 (1991).

■ An agency decision is supported by substantial evidence if the agency record for judicial review, supplemented by any additional evidence received by the court under RCW 34.05 "contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" *King Cy. v. State Boundary Rev. Bd.*, 122 Wn.2d 648, 675, 860 P.2d 1024 (1993) (quoting *World Wide Video, Inc. v. Tukwila*, 117 Wn.2d 382, 387, 816 P.2d 18 (1991), *cert. denied*, 112 S. Ct. 1672 (1992)).

Application of Law. The question of law presented is whether the following actions constitute unprofessional conduct evidencing lack of good moral character or personal fitness such that suspension of a teaching certificate is an appropriate remedy: (1) taking a personnel file from a school district office without permission and removing a document contained therein and (2) omitting previous employment from an application for a teaching position.

■ i. *Personal Fitness.* Falsification of an application for professional employment constitutes unprofessional conduct. WAC 180-87-050.[2] It also evidences a lack of personal fitness for teaching.

The removal of one's own job application file without authorization also evidences a lack of personal fitness for teaching, especially when an item is removed from it and not returned. Although Mr. Patterson contends the file belonged to him, the contention lacks merit. As to the evaluation form,

---

[2]WAC 180-87-050states in pertinent part:

"Any falsification or deliberate misrepresentation, including omission, of a material fact by an education practitioner concerning any of the following is an act of unprofessional conduct:

". . . .

"(2) Application . . . for professional employment . . .".

Mr. Patterson signed an application which specifically authorized the district to obtain *confidential* references from prior employers.

ii. *Moral Character.* As to whether Mr. Patterson's conduct evidences lack of good moral character, as well as lack of personal fitness, the OPP and ALJ concluded it did while the Board concluded it did not. Since lack of personal fitness alone supports the suspension, we need not decide whether the acts at issue also evidenced lack of good moral character.

■ Action Not Arbitrary and Capricious. An action is arbitrary or capricious if it is "wilful and unreasoning action . . . without consideration and in disregard of the facts and circumstances of the case". *State v. Ford,* 110 Wn.2d 827, 830, 755 P.2d 806 (1988) (quoting *Sweitzer v. Industrial Ins. Comm'n,* 116 Wash. 398, 401, 199 P. 724 (1921)). An action is not arbitrary or capricious "when exercised honestly and upon due consideration where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached". *Sweitzer,* at 401.

The record reflects due consideration of the facts and circumstances by the Board. The suspension was not the result of arbitrary and capricious action.

Action Not Punitive. SPI has the discretionary authority to suspend a teaching certificate for a "stated period of time". WAC 180-86-035(3); RCW 28A.410.090.

The assistant superintendent for East Valley testified that a 6-month suspension was too lenient while a suspension of 1 to 2 years was appropriate. The superintendent of District 81 testified an 18-month suspension was appropriate. Given the nature of Mr. Patterson's conduct, the testimony, and surrounding circumstances, SPI did not abuse its discretion by imposing a 6-month suspension.

■ ■ Constitutional Challenge Not Developed. Mr. Patterson contends his due process rights were violated during the administrative process. However, his appellate brief fails to reference those actions or inactions which allegedly deprived him of due process. He does not refer to any portion of the administrative record where any alleged violation

occurs, and he presents no legal authorities to support his contentions. Constitutional arguments should not be addressed when they have not been adequately briefed. *Spokane v. Taxpayers*, 111 Wn.2d 91, 96, 758 P.2d 480 (1988). Error assigned to administrative orders must comply with RAP 10.3.[3] As the Supreme Court ruled in this case, briefs presented by Mr. Patterson to the trial court cannot be incorporated by reference into his appellate brief.

We affirm.

Munson and Schultheis, JJ., concur.

Review denied at 126 Wn.2d 1018 (1995).

---

[3]RAP 10.3(h) provides:

"Assignments of Error on Review of Certain Administrative Orders. In addition to the assignments of error required by rule 10.3(a)(3) and 10.3(g), the brief of an appellant or respondent who is challenging an administrative adjudicative order under RCW 34.05 or a final order under RCW 41.64 shall set forth a separate concise statement of each error which a party contends was made by the agency issuing the order, together with the issues pertaining to each assignment of error."