Theresa F. **THOMPSON, Plaintiff and Appellant,**

v.

**COMMUNITY NURSING SERVICE & HOSPICE, Defendant and Appellee.**

No. 950519–CA.

Court of Appeals of Utah.

Jan. 25, 1996.

Third District, Salt Lake County; J. Dennis Frederick, Judge.

Theresa F. Thompson, Wamsutter, Wyoming, Pro Se.

Michael Patrick O'Brien, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Appellee.

Before DAVIS, Associate P.J., and GREENWOOD and JACKSON, JJ.

## OPINION

PER CURIAM:

Thompson appeals the trial court's order granting summary judgment to Community Nursing Services (CNS). Specifically, she contends that defamatory statements were made by employees of her former employer during an administrative proceeding before

the Equal Employment Opportunity Commission (EEOC). Thompson also complains that CNS's attorney defamed her, and misled the trial judge, and that the trial judge treated her unfairly. CNS argues that statements made before the EEOC were absolutely privileged and that the other issues raised by Thompson are without factual or legal foundation.

■ The central issue is whether statements made during administrative proceedings are absolutely privileged. Because the existence of a privilege is a question of law, we give no deference to the trial court's determination and review it for correctness. *Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 900 (Utah 1992).

■ According to the Utah Supreme Court, three elements must be satisfied before an allegedly defamatory statement is considered absolutely privileged: 1) the statement must have been made during or in the course of a judicial proceeding; 2) the statement must include some reference to the subject matter of the proceeding; and 3) the one claiming the privilege must have been acting in the capacity of a judge, juror, witness, litigant, or counsel in the proceeding at the time of the alleged defamation. *Allen v. Ortez*, 802 P.2d 1307, 1312–13 (Utah 1990).

■ All three elements are met in the present case. First, administrative proceedings, such as the proceeding before the EEOC, are considered to be "judicial proceedings" for purposes of applying absolute privilege. *See Mortensen v. Life Ins. Corp.*, 6 Utah 2d 408, 315 P.2d 283, 284 (1957); *Allen*, 802 P.2d at 1312 n. 9; *see also Malmin v. Engler*, 864 P.2d 179, 182 (Idaho Ct.App.1993) (the term "judicial proceeding" includes every proceeding of a judicial nature before a court or official clothed with judicial or quasi judicial power); *Hurst v. Farmer*, 40 Wash.App. 116, 697 P.2d 280, 282 (1985) (statements made during the course of and relevant to EEOC quasi-judicial proceedings are absolutely privileged); 50 Am.Jur.2d Libel & Slander § 303 (1995); William L. Prosser & W. Page Keeton, *The Law of Torts* § 114 (5th ed. 1984). Second, the statements made by the employees to the EEOC con-

cerned the subject matter of proceedings initiated by Thompson. Finally, those claiming the privilege were acting in the capacity of witnesses, litigants, and/or counsel. Thus, all three elements are established, and the statements at issue are absolutely privileged.

We have considered Thompson's other issues on appeal and summarily conclude they are without merit. *See State v. Carter*, 776 P.2d 886, 888–89 (Utah 1989). The trial court is affirmed. The parties will bear their own attorney fees on appeal.