MEMORANDUM *
William Dalton appeals the district court’s grant of summary judgment dismissing his 42 U.S.C. § 1983 and pendent state law claims against his former employer, the Washington State Department of Corrections (“DOC”), and his former supervisors, Joseph Lehman (former Secretary of the DOC), Alice Payne (former Prison Superintendent), and Jane Robinson (former Health Care Manager). Dalton alleges that he was terminated from employment as a nurse at the McNeil Island correctional facility (the “Prison”) for statements he made about conditions at the Prison’s health care facility. We affirm in part, reverse in part, and remand.
1. Dalton’s May 2001 testimony to the risk management task force and his related letter to various public officials are undisputedly protected speech. Whether that speech was a “substantial or motivating factor” is a question of fact, Eng v. Cooley, 552 F.3d 1062, 1071 (9th Cir.2009), that is typically left to the trier of fact, Allen v. Scribner, 812 F.2d 426, 436 (9th Cir.1987) (observing that the issue of motivation generally presents a jury question), amended, 828 F.2d 1445 (9th Cir.1987). We have previously held “that circumstantial evidence created a genuine issue of material fact on the question of retaliatory motive” where the plaintiff produces evidence both that (1) his employer knew of his speech and (2) there is “proximity in time between the protected action and the allegedly retaliatory employment decision.” See Keyser v. Sacramento City Unified School Dist., 265 F.3d 741, 751 (9th Cir.2001) (citing Schwartzman v. Va *303 lenzuela, 846 F.2d 1209, 1212 (9th Cir.1988)).
Here, Dalton presented evidence that Lehman, who gave final approval of Dalton’s termination, was aware of Dalton’s testimony. Although Payne and Robinson averred no knowledge of Dalton’s testimony and letter, Lehman stated that he may have called Payne regarding Dalton’s testimony. Dalton also presented evidence that he suffered adverse employment decisions within approximately one year of his testimony. Because Lehman knew of Dalton’s testimony and may have communicated that knowledge to Payne, and because Dalton was dismissed within a year of that testimony, an inference of retaliation might reasonably be drawn. See, e.g., Allen v. Iranon, 288 F.3d 1070, 1078 (9th Cir.2002) (“Although an inference from temporal proximity would have been stronger had the gap in time been smaller, an eleven-month gap in time is within the range that has been found to support an inference that an employment decision was retaliatory.”).
Viewing this circumstantial evidence in the light most favorable to Dalton, the non-moving party, Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004), we conclude that there are genuine issues of material fact on the question of whether Dalton’s testimony before the risk management task force was a substantial motivating factor in Lehman and Payne’s decision to terminate him. However, Dalton has presented no evidence that Robinson knew of Dalton’s testimony before the risk management task force; therefore we affirm the district court’s dismissal of this claim as against Robinson.
2. The district court correctly concluded that Dalton’s emails to his coworkers and immediate supervisors regarding equipment and emergency protocols are not protected speech, because they arose from and are directly related to his performance of official duties as a nurse at the Prison. S.ee Garcetti v. Ceballos, 547 U.S. 410, 421-22, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).
3. Dalton has not met his burden of showing that his future testimony in the Montgomery lawsuit was a substantial or motivating factor in his termination. See Eng, 552 F.3d at 1071. Dalton was terminated before he testified in the lawsuit and before he was even identified as a potential witness by the plaintiff in that case. The record does not show that Robinson actually knew that Dalton was going to be a witness. Dalton has also not shown that Lehman or Payne knew that Dalton would be a witness in the lawsuit. Even if we assume that Robinson did know, Dalton failed to provide more than “mere evidence” that Robinson was aware of his future testimony, which is required in order to establish a genuine material dispute as to whether his potential testimony was a substantial motivating factor for his termination. See Keyser, 265 F.3d at 751. Third, Dalton has failed to show why his testimony in a lawsuit (that did not involve Lehman, Payne, or Robinson) would lead them to retaliate against him.
4. Under Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the Appellees may be able to show that Dalton would have been terminated even absent his testimony before the risk management task force. The Appellees have presented substantial justifications for Dalton’s termination (Dalton’s failure to properly assess the cardiac patient and provide informed consent, giving an inmate a urinal from which to drink, and fading to call the on-call provider to get pain medication for an acute dental emergency). *304 Whether the Appellees’ justifications are legitimate or merely pretext is a factual question for the jury. See Eng, 552 F.3d at 1072 (citing Wagle v. Murray, 560 F.2d 401, 403 (9th Cir.1977) (per curiam) (“Mt. Healthy indicates the ‘trier-of-fact’ should determine whether the firing would have occurred without the protected conduct.”)). Therefore, a genuine issue of material fact remains as to whether Dalton’s testimony before the risk management task force was the “but for” cause of his termination.
5. The district court did not err in dismissing Dalton’s due process claim. The record is undisputed that Dalton received written notice, was afforded both a pre-termination hearing and a follow-up meeting (in which he was represented by the Union), was confronted with the evidence against him, and was allowed to tell his story. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
Dalton has presented no evidence to support his claim that Payne, acting as a quasi-judicial fact finder in an administrative proceeding, was biased. In any event, this claim is not timely. See, e.g., Skokomish Indian Tribe v. U.S., 410 F.3d 506, 519 (9th Cir.2005) (en banc) (“A motion for recusal must be made with reasonable promptness after the ground for such a motion is ascertained.”) (internal citations and quotations omitted). Any bias would have been plainly evident at the time of the hearing, yet neither Dalton nor his Union representative objected, and Dalton has not shown any justification for his delay in raising this claim.
6. The district court properly dismissed Dalton’s common law claims. The personnel reports and communications from Payne (that are the basis of Dalton’s common law claims) are privileged under Washington state law. See Wash. Rev. Code § 18.130.070(3); Patterson v. Supt. of Pub. Instruction, 76 Wash.App. 666, 887 P.2d 411, 415 (1994). Further, nothing in Payne’s statements is extreme, outrageous, or a breach of any duty identified by Dalton.
7. Dalton’s claims that the district court considered inadmissible evidence are without merit. Although the district court did not rule on Dalton’s motion to strike various hearsay assertions, there is nothing in this record to indicate that the district court relied on these assertions when ruling on the merits of the motion for summary judgment.
8. We remand the issue of qualified immunity, “which should be addressed by the district court in the first instance.” Swift v. California, 384 F.3d 1184, 1193 (9th Cir.2004).
Each party to bear their own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.