IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 69567-3-1 |
| MASOOD ABAWI, | ) ) ) | DIVISION ONE |
| Appellant, | ) ) | |
| and | ) ) | |
| WALQUIRIA GUTIERREZ, | ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) ) | FILED: November 12, 2013 |

BECKER, J. — In Masood Abawi's dissolution proceeding, the trial court

ordered him to pay child support on the basis of imputed income and awarded

property and money to his wife. Abawi appeals these orders, and he also

appeals the rulings that excluded some of the evidence he wanted to present.

Because the limited record provided by Abawi fails to establish an abuse of

discretion as to any issue on appeal, we affirm.

**FACTS**

According to the decree of dissolution, Masood Abawi and Walquiria

Gutierrez were married in April 2006. During the marriage, the parties had three

children. The parties separated in September 2011. The decree shows that child

support, property distribution, and the terms of the parenting plan were at issue in their dissolution.

Included in the record on appeal are three final orders—a decree of dissolution, a child support order, and a parenting plan—along with the associated findings of fact and conclusions of law. In the dissolution decree, the trial court awarded each spouse the property in that spouse's possession at the time of separation, except that the Honda vehicle in Abawi's possession was awarded to Gutierrez. The court also found that Abawi was liable for one-half of the payments made and outstanding on Gutierrez's loan from her 401-K account. In the child support order, the court found that Abawi was "voluntarily unemployed" and imputed his income at $3,448 per month, based on previous employment history. The parenting plan required that Abawi's brother Faquier remain 500 feet away from the children at all times and that, for as long as Faquier continued to live in the home, all visitations be supervised.

Abawi filed a notice of appeal. His brief challenges the trial court's decisions (1) excluding his direct witnesses, (2) excluding those same witnesses from testifying in rebuttal, (3) declining to consider further evidence of a pending Snohomish County case regarding his daughter Sabrina's child molestation allegations against his brother Shafiq, (4) denying his motion for reconsideration in which he sought to present evidence of a job he acquired after trial which pays lower wages than those imputed to him at trial, and (5) awarding Gutierrez both vehicles and holding Abawi liable for half of a loan from Gutierrez's 401-K taken out during the marriage.

2

Abawi designated an incomplete record on appeal. According to the verbatim reports submitted, Abawi instructed the court reporter to omit 19 different sections of the three volumes of proceedings provided.[1] For example, on page 54 of volume 1 of the verbatim report of proceedings, there is a break in the reporting signified by the following:

(End requested proceedings 2:49:00.)

(Begin request proceedings 3:04:05.)

The omitted sections are between 3 and 75 minutes long, for a total of approximately 7.7 hours of missing proceedings. It appears likely from the context surrounding these omissions that the sections omitted include the trial court's discussions of the merits of the issues on appeal as well as the oral rulings on those issues. For example, in volume 1 at page 3, a parenthetical indicates that the court reporter was requested to begin transcribing the proceedings beginning at 9:15 a.m. The first line of reported proceedings indicates both that the report picks up in the middle of a colloquy between the court and Gutierrez's counsel and that the colloquy omitted from the

---

[1] See 1 Report of Proceedings at 7 (25 minutes), 26 (25 minutes), 34 (4 minutes), 37 (5 minutes), 47 (30 minutes), 49 (40 minutes), 52 (15 minutes), 53 (15 minutes), 54 (75 minutes), 55 (10 minutes), 56 (40 minutes); 2 Report of Proceedings at 8 (30 minutes), 9 (4 minutes), 14 (9 minutes), 15 (25 minutes); 3 Report of Proceedings at 4 (17 minutes), 5 (6 minutes), 6 (3 minutes), 12 (30 minutes).

3

record dealt with another motion:

BEGIN PROCEEDINGS OF 9/6/2012

(Begin requested proceedings 9:15:00.)

> MS. BENDER [to the court]: Okay. Thank-you. And so --
> and with respect to the *other* motion?

VRP Vol. 1 at 3 (emphasis added). The court then discusses the "second

motion in limine"—thus, it is possible the omitted section contains the

court's rationale for granting a motion in limine by Gutierrez concerning

one of the issues Abawi raises in this appeal. The clerk's papers also omit

several important documents, including Gutierrez's response to Abawi's

motion for reconsideration and the trial court's case scheduling order.

Gutierrez argues in her brief of respondent that the record provided by

Abawi is insufficient to enable review of the issues raised by Abawi. Abawi

replies that the report of proceedings he filed was sufficient under the rules of

appellate procedure:

> Regarding respondent's objection to the partial report of
> proceedings, RAP 9.2 clearly allows for a partial report of
> proceedings to be filed. The petitioner has provided all relevant
> portions of the trial transcript and pleadings he believed addressed
> the issues on review and does not believe it is the one-sided
> depiction that the respondent seeks to characterize it as.
> Further, RAP 9.10 provides that the record may be
> supplemented as necessary in the determination of any part or the
> court. Therefore, if the respondent believes factual or procedural
> portions of the record require supplementation, she may do so
> without prejudice.

Appellant's Reply Br. at 5-6.

## DISCUSSION

The decision of a trial court "is presumed to be correct and should be sustained absent an affirmative showing of error." State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999). To make an affirmative showing of error as to each of the issues raised on appeal, Abawi must demonstrate that the court's ruling constitutes an abuse of discretion. Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997) (excluding witness testimony); River House Dev. Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012) (denial of motion for reconsideration); In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997) (terms of parenting plan); In re Marriage of Kraft, 119 Wn.2d 438, 832 P.2d 871 (1992) (property distribution).

The party presenting an issue for review has the burden of providing a record adequate to establish the errors claimed. Wade, 138 Wn.2d at 464; In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); see RAP 9.2, 9.9, 9.10. An "insufficient record on appeal precludes review of the alleged errors." Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). If an incomplete record fails to affirmatively establish an abuse of discretion, we may affirm the challenged decision. State v. Sisouvanh, 175 Wn.2d 607, 619-20, 290 P.3d 942 (2012); Lau v. Nelson, 92 Wn.2d 823, 829, 601 P.2d 527 (1979). However, where the appellant makes a good faith attempt to provide a record in compliance with RAP 9.2(b), an appellate court ordinarily will not dismiss, affirm, reverse, or modify but rather will order supplementation of the record. RAP 9.10. "A litigant appearing pro se is bound by the same rules of procedure and

substantive law as his or her attorney would have been had the litigant chosen to be represented by counsel." Patterson v. Superintendent of Pub. Instruction, 76 Wn. App. 666, 671, 887 P.2d 411 (1994), review denied, 126 Wn.2d 1018 (1995).

In this case, the record is incomplete. The omissions are so numerous and significant in the context of Abawi's arguments that we conclude Abawi did not act in good faith to provide a record in compliance with RAP 9.2(b). We therefore decline to order Abawi to supplement the record under RAP 9.10.

A trial court's judgment is presumed to be correct and should be sustained absent an affirmative showing of error. Wade, 138 Wn.2d at 464. Because the incomplete record fails to affirmatively establish an abuse of discretion occurred as to any of the five issues on appeal, we affirm the decision of the trial court under Lau and Sisouvanh. See Lau, 92 Wn.2d at 829; Sisouvanh, 175 Wn.2d at 619-20. Because we affirm the decision of the trial court, we need not reach Gutierrez's motion to dismiss for failure to perfect the record.

As part of her motion to dismiss, Gutierrez asks, in the alternative, for sanctions. Under RAP 9.2, appellants "should" arrange for transcription and provide a copy of all portions of the verbatim report of proceedings necessary to present the issues raised on review. RAP 9.2(a). "Should" is used in the rules "when referring to an act a party or counsel for a party is under an obligation to perform. The court will ordinarily impose sanctions if the act is not done within the time or in the manner specified." RAP 1.2(b). We exercise our discretion and decline to impose sanctions in this case.

Abawi filed a motion to supplement the record under RAP 9.10 and 9.11.
Gutierrez has filed a motion to strike Abawi's motion.

RAP 9.10 and 9.11 are methods by which the parties may provide the
appellate court with additional evidence from the trial record (RAP 9.10) and new
evidence (RAP 9.11):

### Rule 9.10 Correcting or Supplementing Record After Transmittal to Appellate Court

If a party has made a good faith effort to provide those
portions of the record required by rule 9.2(b), the appellate court
will not ordinarily dismiss a review proceeding or affirm, reverse, or
modify a trial court decision or administrative adjudicative order
certified for direct review by the superior court because of the
failure of the party to provide the appellate court with a complete
record of the proceedings below. If the record is not sufficiently
complete to permit a decision on the merits of the issues presented
for review, the appellate court may, on its own initiative or on the
motion of a party (1) direct the transmittal of additional clerk's
papers and exhibits or administrative records and exhibits certified
by the administrative agency, or (2) correct, or direct the
supplementation or correction of, the report of proceedings. The
appellate court may impose sanctions as provided in rule 18.9(a) as
a condition to correcting or supplementing the record on review.
The party directed or permitted to supplement the record on review
must file either a designation of clerk's papers as provided in rule
9.6 or a statement of arrangements as provided in rule 9.2 within
the time set by the appellate court.

### Rule 9.11 Additional Evidence on Review

(a) Remedy Limited. The appellate court may direct that
additional evidence on the merits of the case be taken before the
decision of a case on review if: (1) additional proof of facts is
needed to fairly resolve the issues on review, (2) the additional
evidence would probably change the decision being reviewed, (3) it
is equitable to excuse a party's failure to present the evidence to
the trial court, (4) the remedy available to a party through
postjudgment motions in the trial court is inadequate or
unnecessarily expensive, (5) the appellate court remedy of granting
a new trial is inadequate or unnecessarily expensive, and (6) it

would be inequitable to decide the case solely on the evidence already taken in the trial court.

(b) Where Taken. The appellate court will ordinarily direct the trial court to take additional evidence and find the facts based on that evidence.

In his motion, Abawi seeks to introduce his financial declaration which was in the trial record but excluded at trial. He also asks this court to consider evidence which was not in the trial record: his 2012 federal tax return and documentation of the income he receives at the new job he got after trial. All three documents go to the merits of his argument that the trial court erred in denying his motion for reconsideration. However, they are insufficient to satisfy Abawi's burden to perfect the record because, even with the documents, the record is still incomplete. They do not help us understand why the motion for reconsideration was denied but only explain, from Abawi's self-serving point of view, why it should have been granted. Also, Abawi does not establish that the six criteria necessary to grant a RAP 9.11 motion are present.

To the extent Abawi's motion to supplement the record is intended as an effort to modify the child support order, he chose the wrong procedure. The law permits Abawi to petition the trial court to modify the child support order at any time based upon a showing of substantially changed circumstances. See RCW 26.09.170(5)(a). Abawi's motion to supplement the record is denied. We need not consider Gutierrez's motion to strike it.

Affirmed.

_____
Becker, J.

WE CONCUR:

_____
Spearman, J.

_____
Leach, C.J.