IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

HEADWORKS HAND CRAFTED ALES, INC., dba HEADWORKS BREWING,

Appellant,

v.

WASHINGTON STATE LIQUOR AND CANNABIS BOARD,

Respondent.

No. 84927-1-I

DIVISION ONE

PUBLISHED OPINION

HAZELRIGG, A.C.J. — After multiple warnings, the Washington State Liquor and Cannabis Board (LCB) issued an administrative violation notice (AVN) to Headworks Hand Crafted Ales Inc. dba Headworks Brewing due to its failure to comply with the pandemic-related mask mandate issued by the state Department of Health in 2020.  Headworks seeks judicial review of the final order that affirmed the violation and argues that the LCB did not have statutory authority to issue the AVN, and, alternatively, the LCB's action violated constitutional due process. Because the LCB has statutory authority to issue the AVN under Title 66 RCW and the failure to comply with the statewide mask mandate posed a "threat to public safety" under WAC 314-11-015(3)(c), we affirm the final order.

FACTS

On February 29, 2020, due to the outbreak of the novel coronavirus infection disease (COVID-19), Governor Jay Inslee issued Proclamation 20-05, which declared a state of emergency for all counties in Washington.[1] The governor exercised his emergency powers under RCW 43.06.220 and issued several subsequent proclamations amending the original including Proclamations 20-25 through 20-25.20 which prohibited certain activities unless specific conditions were met. On June 24, 2020, the secretary of health issued Order 20-03, directing everyone in Washington to wear a face covering in "any indoor or outdoor public setting."[2] Although the secretary amended the order on May 15, 2021 to exempt fully vaccinated people,[3] the order was subsequently amended on August 19, 2021 to reinstitute the face covering mandate regardless of vaccination status "when in a place where any person from outside their household is present."[4] On September 13, 2021, the governor amended Proclamations 20-25 through 20-25.16 to incorporate the secretary of health's face covering order and all subsequent amendments thereto.[5] Proclamations 20-05 through 20-25 as well as

---

[1] Proclamation of Governor Jay Inslee, No. 20-05 (Wash. Feb. 29, 2020), governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20%28final%29.pdf [https://perma.cc/TAF6-QNGB].

[2] Wash. Sec'y of Health, Ord. No. 20-03 (Wash. June 24, 2020), mrsc.org/getmedia/d6167fa2-f2a3-427f-936b-f630098d859f/Secretary_of_Health_Order_20-03_Statewide_Face_Coverings.pdf [https://perma.cc/DUV4-92K3].

[3] Wash. Sec'y of Health, Ord. No. 20-03.2 (Wash. May 15, 2021), mrsc.org/getmedia/6649c06a-bfe6-48a7-829a-d499d2d99238/SHO_20-03-2_Statewide_Face_Coverings.pdf.

[4] Wash. Sec'y of Health, Ord. No. 20-03.4 (Wash. Aug. 19, 2021), mrsc.org/getmedia/485b7566-e399-4602-9f83-47cfb37140c8/Secretary_of_Health_Order_20-03-4_Statewide_Face_Coverings.pdf

[5] Proclamation of Governor Jay Inslee, No. 20-25.17 (Wash. Sept. 13, 2021), governor.wa.gov/sites/default/files/proclamations/proc_20-25.17.pdf.

Order 20-03 and its subsequent amendments, are collectively referred to herein as the "mask mandate."

Headworks is a brewery located in Enumclaw, Washington that is open to the public and offers alcoholic beverages to its customers. Headworks applied for and was issued a license to sell alcohol by the LCB. On September 8, 2021, the LCB received a public complaint that Headworks employees and customers were not adhering to the mask mandate. Three days later, LCB enforcement officers conducted a check of the premises and observed the bartender not wearing a mask. During a follow-up visit the next week, LCB Enforcement Officer Richard Steinbach observed three Headworks employees working in the brewery without masks. After Steinbach informed Headworks manager, Gino Santamaria, of the public complaint and masking requirements, Santamaria stated that Headworks would neither refuse service to unmasked patrons nor require employees to wear masks. On September 20 and October 5, 2021, the LCB received additional public complaints concerning Headworks' failure to comply with the mask mandate.

On October 8, 2021, Steinbach returned to the brewery and observed three Headworks employees working without masks. At the time, there were approximately 15-25 patrons at the establishment. Steinbach contacted two of the employees, explained that they were required to wear masks, and informed them that Headworks would receive a written warning for noncompliance with the mask mandate. On October 13, the written warning was issued and, in it, the LCB directed Headworks to comply with the mask mandate and advised that further noncompliance would result in a violation of WAC 314-11-015. The written

warning also included a copy of the secretary of health's Order 20-03.6,[6] along with a document providing guidance on the COVID-19 facial covering requirements for employers and businesses.

That November, the LCB received three more public complaints about Headworks' continued failure to follow the mask mandate. In response, Steinbach called Santamaria, notified him of the complaints, and said that he would conduct a check of the premises in the following week to determine whether Headworks was in compliance with the masking requirements. During the phone call, Santamaria asked what would qualify as a legitimate exemption from the mask mandate and Steinbach stated that Headworks "would need to determine that on their own and it would need to be a case-by-case basis with each employee." Steinbach also "offered one suggestion of having those employees who want a medical exemption from wearing a mask to provide a doctor's note as a way for them as the employer to give credibility to that process." Santamaria responded that it would be a violation of the employees' rights to require a doctor's note in order to validate a mask exemption. According to Steinbach, his "take-away from that conversation was that Headworks Brewing did not believe in the legality of the mask mandate and thus was not enforcing the mask wearing by their employees."

On November 23, Steinbach returned to the brewery and observed three employees, including Santamaria, working without face coverings. Steinbach met with Santamaria who continued to question the legality of the mask mandate and

---

[6] Wash. Sec'y of Health, Ord. No. 20-03.6 (Wash. Sept. 24, 2021), mrsc.org/getmedia/5862c24f-a144-4f14-9045-043b9bf9c0dd/Secretary_of_Health_Order_20-03-6_Statewide_Face_Coverings.pdf.

told Steinbach that Headworks employees were not required to wear masks because the mandate was not a law. After Steinbach's inspection, the LCB issued Headworks an AVN on December 2, 2021. The AVN referenced WAC 314-11-015, established that the violation was for a COVID-19 related complaint, and imposed a penalty of a five-day license suspension or $500 fine in lieu of suspension.

Headworks appealed the AVN and requested an administrative hearing. Accordingly, the LCB requested assignment of an administrative law judge (ALJ) and issued "LCB Complaint No. L-27,636" which was based on the original AVN. The complaint provided that, on November 23, 2021, Headworks "failed to adopt or enforce minimal safety precautions to prevent the spread of the COVID-19 virus as required by the Governor's Proclamations 20-05 & 20-25, *et seq.*, and associated orders of the Secretary of Health." The complaint alleged that Headworks' noncompliance "presented a threat to public safety, in violation of WAC 314-11-015(3)" and provided the penalty pursuant to WAC 314-29-020. Headworks "did not contest the material facts of the November 23, 2021 incident." Both parties filed motions for summary judgment. The ALJ issued an initial order that granted LCB's motion for summary judgment and affirmed complaint L-27,636.

Headworks then filed a petition for review of the initial order with the LCB. On review, the LCB affirmed the initial order and adopted the findings of fact and conclusions of law contained therein as the final order of the board. Headworks sought reconsideration of the final order, but the LCB denied the petition for reconsideration.

Headworks timely appealed.

ANALYSIS

I.    Procedural Posture and RAP 10.3

Headworks seeks review of the final order of the board entered after an adjudicative proceeding, but does not assign error to the substance of the final order or any findings of fact or conclusions of law therein. Rather, in its opening brief, Headworks asserts that assignments of error are "not strictly necessary" and cites to RCW 34.05.570(2), writing "this is a challenge to the validity of agency rules brought under Washington's Administrative Procedure Act [(APA)]." This framing suggests that Headworks may have misinterpreted the interplay between the Rules of Appellate Procedure and the two options for review governed by RCW 34.05.570(2), either pursuant to a petition for declaratory judgment challenging the validity of the rule or "in the context of any other review proceeding under this section." Headworks did not file a petition for declaratory judgment "challenging the validity of a rule" as described in RCW 34.05.570(2)(a) and (b)(i), which may have rendered explicit assignments of error repetitive since the entire purpose of such an action is plain.[7] However, because Headworks opted to pursue its

_____

[7] At oral argument before this court, Headworks asserted that it did not petition for a declaratory judgment regarding WAC 314-11-015 because it did not know what provision the LCB was relying on to enforce the mask mandate until the AVN was issued. Wash. Ct. of Appeals oral argument, *Headworks Handcrafted Ales v. Liquor & Cannabis Bd.*, No. 84927-1-I (Sept. 8, 2023), at 7 min., 10 sec., *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023091159/?eventID=2023091159.
      This proffered reason is refuted by the record. Approximately six weeks before the LCB issued the AVN, the agency issued Headworks a written warning that explicitly provided WAC 314-11-015 as the basis for the violation. Under RCW 34.05.570(2), the validity of an agency rule may be reviewed "when it appears that the rule, or *its threatened application*, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner." RCW 34.05.570(2)(b)(i) (emphasis added). Thus, once Headworks received the written warning,

challenge through "any other review proceeding" under the APA, here, review of the AVN, express identification of the purported errors of the board were required under the RAPs.

Contrary to Headworks' contention, "[e]rror assigned to administrative orders must comply with RAP 10.3." *Patterson v. Superintendent of Pub. Instruction*, 76 Wn. App. 666, 676, 887 P.2d 411 (1994). The appellant's brief is required to provide a "separate concise statement of each error" alleged and this court "will only review a claimed error which is included in an assignment of error." RAP 10.3(a)(4), 10.3(g). *See also* RAP 10.3(h) (Appellants challenging an administrative order must "set forth a separate concise statement of each error which the party contends was made by the agency."). Because Headworks' opening brief contains no assignments of error, it fails to comply with RAP 10.3. Only after the LCB had argued in its response that Headworks' noncompliance with RAP 10.3 is a basis for this panel to deny the relief sought did Headworks begrudgingly assign error as follows: "The Board improperly found that the enforcement of the Mask Mandate . . . was within [the LCB's] power to enforce as a 'Threat to Public Safety' under WAC 314-11-015(3)." As a general rule, we "will not review an issue raised and argued for the first time in a reply brief." *Bergerson v. Zurbano*, 6 Wn. App. 2d 912, 926, 432 P.3d 850 (2018). However, because this is an issue capable of repetition and, more critically, the LCB was able to understand the nature of Headworks' challenge sufficiently to respond to each of

it could have sought a declaratory judgment and challenged the LCB's threatened application of WAC 314-11-015, but made a different strategic choice.

the issues raised in its opening brief, we exercise our discretion and reach the merits, notwithstanding these procedural defects. *See* RAP 1.2(a).

II.    Final Order of the LCB

A.    Standard of Review Under the APA

Judicial review of administrative actions is governed by our APA, chapter 34.05 RCW. *Providence Health & Servs.-Wash v. Dep't of Health*, 194 Wn. App. 849, 856, 378 P.3d 249 (2016); RCW 34.05.570. On review, we "sit in the same position as the superior court" and apply the APA "to the record before the agency." *Id.* The "agency decision is presumed to be correct" and the party challenging it bears the burden of demonstrating its invalidity. *Id.*; RCW 34.05.570(1)(a). We review the final order of the LCB, not the initial order issued by the ALJ. *See Darkenwald v. Emp't Sec. Dep't*, 183 Wn.2d 237, 244, 350 P.3d 647 (2015). Pursuant to RCW 34.05.570(3), Headworks may only obtain relief if we determine that the LCB's final order was unconstitutional, arbitrary or capricious, extended outside the statutory authority of the agency, resulted from an erroneous interpretation of the law, or is not supported by substantial evidence.[8] *See DaVita, Inc. v. Dep't of Health*, 137 Wn. App. 174, 181, 151 P.3d 1095 (2007).

"'The error of law standard permits this court to substitute its interpretation of the law for that of the agency, but we accord substantial deference to the agency's interpretation, particularly in regard to the law involving the agency's special knowledge and expertise.'" *Univ. of Wash. Med. Ctr. v. Dep't of Health*,

_____

[8] Factual findings are reviewed for substantial evidence, i.e., evidence "sufficient to persuade a fair-minded person of the declared premise." *Providence Health & Servs.*, 194 Wn. App. at 856.

164 Wn.2d 95, 102, 187 P.3d 243 (2008) (quoting *Providence Hosp. of Everett v. Dep't of Soc. & Health Servs.*, 112 Wn.2d 353, 355-56, 770 P.2d 1040 (1989)). Challenged findings will be overturned if they are "clearly erroneous" but "unchallenged findings of fact become verities on appeal." *Providence Health & Servs.*, 194 Wn. App. at 856-57; *Davis v. Dep't of Lab. & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980).

For an agency decision to be deemed arbitrary or capricious, this court must conclude that "'the decision is the result of willful and unreasoning disregard of the facts and circumstances.'" *Univ. of Wash. Med. Ctr.*, 164 Wn.2d at 102 (quoting *Providence Hosp.*, 112 Wn.2d at 356). However, an agency action "taken after giving a party ample opportunity to be heard, exercised honestly and upon due consideration, even though it may be believed an erroneous decision has been reached, is not arbitrary or capricious." *Yow v. Dep't of Health Unlicensed Prac. Program*, 147 Wn. App. 807, 830, 199 P.3d 417 (2008).

When an agency's decision is based on summary judgment, "we overlay the APA and summary judgment standards of review." *Waste Mgmt. of Wash., Inc. v. Wash. Utils. & Transp. Comm'n*, 24 Wn. App. 2d 338, 344, 519 P.3d 963 (2022), *review denied*, 1 Wn.3d 1003 (2023). We review the facts in the administrative record de novo and legal conclusions under the error of law standard. *Wash. State Dairy Fed'n v. Dep't of Ecology*, 18 Wn. App. 2d 259, 307, 490 P.3d 290 (2021). "Summary judgment is appropriate if the undisputed material facts entitle the moving party to judgment as a matter of law." *Id.* A material fact

is one that "might affect the outcome of the suit." *Sehmel v. Shah*, 23 Wn. App. 2d 182, 191, 514 P.3d 1238 (2022).

### B.    Authority To Enforce Mask Mandate

Headworks argues that neither the governor nor the LCB had authority to enforce the mask mandate. According to Headworks, the power to create regulations for the prevention and control of infectious diseases belongs solely with the state Department of Health and those rules are only to be enforced by local departments of health. We disagree on each point.

### 1.    Governor's Emergency Powers

In Washington, our governor "possesses broad discretionary authority to issue emergency proclamations restricting 'activities the governor reasonably believes should be prohibited to help preserve and maintain life, health, property or the public peace' during declared emergencies." *In re Recall of Inslee*, 199 Wn.2d 416, 426, 508 P.3d 635 (2022) (quoting RCW 43.06.220(1)(h)). During the COVID-19 pandemic, our governor "exercised his discretion under these emergency powers dozens of times since [initially] proclaiming a state of emergency." *Colvin v. Inslee*, 195 Wn.2d 879, 896, 467 P.3d 953 (2020). As our Supreme Court has explained, the governor's "emergency powers are broad and include the authority to prohibit 'any number of persons . . . from assembling,' RCW 43.06.220(1)(b), [and] 'to waive or suspend' 'any statute, order, rule, or regulation that would in any way prevent, hinder, or delay necessary action in coping with the emergency,' RCW 43.06.220(2)(g)." *Id.* at 895.

The governor's emergency authority has been "repeatedly and recently upheld by the Washington Supreme Court." *Sehmel*, 23 Wn. App. 2d at 197. Division Two of this court recently addressed challenges to the mask mandate and followed our Supreme Court's decisions to hold that the "governor was authorized to issue an emergency proclamation." *Id.* (first citing *Cougar Bus. Owners Ass'n v. State*, 97 Wn.2d 466, 474, 647 P.2d 481 (1982), *overruled in part on other grounds by Chong Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019) and then *Colvin*, 195 Wn.2d at 895.). Specifically, this court explained that "the legislature properly delegated the authority to address an emergency to the secretary [of health], the governor's Emergency Proclamation was not in excess of his authority, and the power delegated to the local health officer [was] not improper." *Sehmel*, 23 Wn. App. 2d at 199. These cases directly contradict Headworks' assertion that the governor's emergency powers do not extend to issues stemming from a pandemic. Accordingly, Headworks' argument on that basis fails.

### 2. Statutory Authority of the LCB

Headworks' main contention that the LCB did not have authority to issue the AVN is also unavailing. A "fundamental rule of administrative law" is that "an agency may only do that which it is authorized to do by the Legislature." *Rettkowski v. Dep't of Ecology*, 122 Wn.2d 219, 226, 858 P.2d 232 (1993). By statute, the LCB has authority to regulate "the sale of liquor kept by holders of licenses which entitle the holder to purchase and keep liquor for sale." RCW 66.08.030(6). Additionally, the LCB may prescribe "the conditions,

accommodations, and qualifications requisite for the obtaining of licenses" to sell alcoholic beverages and has authority to regulate the sale of those beverages. RCW 66.08.030(12). As emphasized by our Supreme Court, "There can be no question but that the [LCB], in the interests of public health, safety, and morals, possesse[s] the constitutional and statutory power to control and regulate the dispensation of alcoholic beverages." *Jow Sin Quan v. Wash. State Liquor Control Bd.*, 69 Wn.2d 373, 379, 418 P.2d 424 (1966).

The LCB relied on WAC 314-11-015 to issue the AVN to Headworks. Pursuant to this regulation, "[l]icensees have the responsibility to control their conduct and the conduct of employees and patrons on the premises at all times." WAC 314-11-015(3). Further, it provides that licensees and employees may not "[e]ngage in or allow behavior that provokes conduct which presents a threat to public safety." WAC 314-11-015(3)(c). WAC 314-29-020 sets out "Group 1 violations against public safety." Group 1 violations are the most serious issued by the LCB because the conduct they address "present[s] a direct threat to public safety." WAC 314-29-020(1). The first Group 1 violation results in a "[five] day suspension or $500 monetary option." WAC 314-29-020(2). Because this was Headworks' first violation, the plain language of the code establishes that it was subject to the penalty of a five-day suspension of its LCB license or a $500 monetary penalty in lieu of license suspension.

Headworks argues that the LCB does not have authority under WAC 314-11-015(3)(c) to enforce violations of the secretary of health's mask mandate as a

"threat to public safety."[9] Therefore, Headworks asserts, the AVN at issue was "outside the statutory authority or jurisdiction of the [LCB]" under RCW 34.05.570(3)(b). This contention is without merit. In an unpublished opinion, this court recently addressed a challenge to the LCB's authority to issue an AVN for noncompliance with the mask mandate and we plainly stated that

> the LCB's enforcement of WAC 314-11-015(3)(c) is clearly within the authority granted to the LCB by the legislature because '[t]his entire title [66 RCW - Alcoholic Beverage Control] shall be deemed an exercise in the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose.'

*Racoon Hill, LLC, v. Liquor & Cannabis Bd.*, No. 84622-1-I, slip. op. at 11 (Wash. Ct. App. Aug. 28, 2023) (alterations in original) (quoting RCW 66.08.010) (unpublished), https://www.courts.wa.gov/opinions/pdf/846221.pdf.[10]

According to Headworks, the LCB's interpretation of "threat to public safety" is overly broad.[11] We disagree. As Headworks correctly concedes, the state

---

[9] Providing no relevant authority or analysis in support of its assertion, Headworks also contends that the LCB was required to promulgate a new regulation in order to enforce an existing regulation (WAC 314-11-015(3)) and that the enforcement of the existing regulation without a new regulation violates due process. "Parties raising constitutional issues must present considered arguments to this court." *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992). Moreover, "lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

While Headworks broadly cites to the due process clauses of the federal and state constitutions, it makes no effort to apply a constitutional test to its broad claims, much less the specific facts of the case before us. Because Headworks has failed to provide the proper legal framework to facilitate appellate review, we decline to consider its "due process" claim.

[10] Though unpublished opinions have no precedential value, we may consider them where necessary for a reasoned decision. GR 14.1(c). Here, we adopt the reasoning set out in *Racoon Hill*.

[11] Headworks also argues that the LCB's interpretation of "threat to public safety" causes confusion among its licensees and the LCB itself. Although there was an inaccurate citation to an outdated WAC provision on the header of the AVN issued to Headworks, the complaint that was later issued when Headworks sought an administrative hearing correctly identified the applicable WAC provisions. Further, during their various interactions with Headworks before finally citing it

secretary of health has statutory authority to "[t]ake such measures as the secretary deems necessary in order to promote the public health." RCW 43.70.130(10). Here, the secretary recognized COVID-19 as "an emergency threatening the safety of the public health" and issued an order that required face coverings for the purpose of controlling and preventing its spread. The secretary expressly defined COVID-19 as a threat to public safety and required masking to address that threat. Accordingly, consistent with the secretary's determination, the LCB's recognition that refusing to wear face masks during the pandemic at a public establishment on licensed premises constituted a threat to public safety under WAC 314-11-015(3)(c) was not an overly broad interpretation of the regulation. Moreover, it is indisputable that threats to public safety come in all shapes and sizes; the phrasing of the delegation of authority from our state legislature to the LCB is inherently broad and flexible so as to encapsulate and address unforeseeable events, such as those which unfolded as a result of the COVID-19 pandemic.

Headworks next insists that if failure to comply with the mask mandate on the licensed premises constitutes a "threat to public safety," then "the LCB can simply say any potential safety issue is within its jurisdiction," which "would be arbitrary and capricious." As a preliminary matter, this is a misapplication of the arbitrary or capricious standard under the APA. Arbitrary or capricious means a

---

for noncompliance, LCB enforcement officers had provided verbal guidance and supplemental documents for employers on compliance with the mask mandate.

The record shows not only that Headworks ignored the repeated warnings and guidance from the LCB, but also that staff directly told the LCB enforcement officer prior to the issuance of the AVN that the mask mandate was not lawful and they would not comply. Accordingly, we are not persuaded by Headworks' "confusion" argument.

decision or action which is "the result of willful and unreasoning disregard of the facts and circumstances." *Providence Hosp.*, 112 Wn.2d at 356. Headworks offers no authority for prospective application of the arbitrary or capricious standard to hypothetical future facts.

The record before us establishes that the LCB received a total of seven public complaints regarding the customers and employees of Headworks failing to comply with the mask mandate in the midst of a global pandemic. Before issuing the AVN, LCB enforcement visited Headworks, spoke with employees and the manager, and issued a written warning that included guidance on the mask mandate for employers. Headworks still failed to comply. Though Headworks disagrees with the LCB's final order, an agency action "taken after giving a party ample opportunity to be heard, exercised honestly and upon due consideration, even though it may be believed an erroneous decision has been reached, is not arbitrary or capricious." *Yow*, 147 Wn. App. at 830. Because Headworks was given the opportunity to be heard and the LCB considered and rejected its arguments, Headworks has failed to demonstrate that the final order was arbitrary or capricious.

As no material facts are in dispute and Headworks fails to demonstrate any basis for relief, we affirm.

III.    Attorney Fees

Headworks requests attorney fees and costs on appeal pursuant to RCW 4.84.350. This court shall "award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees,

unless the court finds that the agency action was substantially justified or that circumstances make an award unjust."  RCW 4.84.350(1).  As Headworks does not prevail, we decline to award attorney fees and costs.

Affirmed.

WE CONCUR: